UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| Jose Elias Disla Rodriguez, Jhonny Diaz Muñoz, Cirilo Garcia Garcia, Jose Vargas Guaba, Eugenio Muñoz Cabrera, Jose Joaquin Disla, Edward Jose Castillo Olivo, Nicolas Cabrera Castillo, Yeudy Genao Valerio, Luciano Marte, Eladio Lopez Cruz, Leonel Bonilla, Manuel Andres Mezquita Almonte, Antonio Alvarez, Nicholas Cruz Disla, Antonio Cabrera, Maximo Bienvenido Cabrera Paulino, Modesto Castillo, Roberto Cabrera Disla, Ricardo Cabrera Guzman, Elvis Jacinto Hernandez Delgado, Luis Ramon Perez Paulino, Jose Antonio Cabrera Ruales, Oscarin Muñoz Cabrera, | Civil No. 22-1462 (DSD/LIB) PRETRIAL SCHEDULING ORDER |
| Plaintiffs, v. | |
| John J. Svihel, Svihel Vegetable Farms, Inc., | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * *

In accordance with the provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Pretrial Schedule will govern these proceedings. **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rules 7.1 and 16.3.**

**Counsel shall also comply with the Electronic Case Filing Procedures For the District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004.**

THEREFORE, It is –

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **October 31, 2022**. The period during which the parties must conduct all discovery (whether fact or expert) shall terminate on **December 31, 2023**.[1] Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order. No further or additional discovery shall be permitted after the above date except upon motion and by leave of the Court for good cause shown, and any independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **January 10, 2023**.[2]

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **January 31, 2024**, by calling Jennifer Beck at 218-529-3520, Courtroom Deputy for Magistrate Judge Leo I. Brisbois. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) of the Electronic Case Filing Procedures For The District of Minnesota. No discovery Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

---

[1] See Local Rule 16.2(d)(3) of the United States District Court For The District of Minnesota Local Rules.

[2] This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages. Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to the discovery deadline in Paragraph I.

IV.

A Settlement Conference pursuant to Local Rule 16.5(b) in the above-entitled matter will be set before Magistrate Judge Leo I. Brisbois, **for some time in April 2024, 10:00 a.m.** in Courtroom No. 3, Gerald W. Heaney Federal Building and U.S. Courthouse, 515 West First Street, Duluth, Minnesota. A separate Notice of this Settlement Conference shall be issued outlining the parties' obligations for preparation and for appearance of the Conference.

V.

That no more than **fifty (50)** Interrogatories by Plaintiffs as a group and **two hundred fifty-five (255)** Interrogatories by Defendants as a group[3] (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), **fifty (50)** Requests for Production (pursuant to Rule 34), and **fifty (50)** Requests for Admissions (pursuant to Rule 36), shall be served by any side.

VI.

That in addition to a deposition of each named party (real persons) and a 30(b)(6) deposition of any corporate defendant, no more than **seven (7)** depositions (excluding expert depositions) shall be taken by any side without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.[4] Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written

---

[3] The total interrogatories allotted to each side shall be utilized as agreed by the parties in paragraph C(3)(a) of the Rule 26(f) Report. (Docket No. 17).
[4] This includes any witnesses who were retained for purposes of conducting an examination pursuant to Rule 35.

3

report prepared and signed by the expert witness.[5]  As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

    a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

    b.    The compensation to be paid for the study and testimony;

    c.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e.    The data or other information considered by the witness in forming the opinions; and

    f.    Any exhibits to be used as a summary of or support for the opinions.

The Plaintiffs' disclosures shall be made on or before **August 14, 2032**.  The Defendants' disclosures shall be made on or before **October 30, 2023**.

## VIII.

The parties **do** contemplate taking expert discovery depositions.  No more than **one (1)** deposition of each disclosed expert may be taken without prior Order of the Court.

## IX.

That each party shall fully supplement all discovery responses according to Rule 26(e), Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause show, shall be excluded from evidence at trial.

---

[5] If no written report is required by Rule 26(a)(2)(B), the disclosures shall still comply with Rule 26(a)(2)(C).

X.

All dispositive motions shall be served and filed on or before **March 1, 2024**.[6] Notwithstanding the provisions of Local Rules 7.1(c)-(d), the following procedures shall apply to the dispositive motion[7] practice in his case:

1.  The moving party shall first contact Donna O'Kroy, Judge Doty's Courtroom Deputy, at 612-664-5060, to secure a hearing date <u>at least 42 days</u> in the future. Once the moving party has secured a hearing date, it shall promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing.

2.  The moving party shall serve and file the following documents <u>at least 42 days</u> before the scheduled hearing: (a) motion; (b) memorandum of law, and (c) affidavits and exhibits. The party shall provide Donna O'Kroy, Courtroom Deputy, with two (2) hard copies of its memorandum and one (1) hard copy of any affidavits and exhibits.

3.  The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: (a) memorandum of law, and (b) affidavits and exhibits. The party shall provide Donna O'Kroy, Courtroom Deputy, with two (2) hard copies of its memorandum and one (1) hard copy of any affidavits and exhibits.

4.  The moving party shall serve and file the following documents <u>at least 14 days</u> before the hearing: (a) reply memorandum, or (b) a notice stating that no reply memorandum will be filed. A reply memorandum shall not raise

---

[6] The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing. If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

[7] The following are deemed dispositive motions under this Order: motions for preliminary or permanent injunctive relief; motions to dismiss, for judgment on the pleadings or for summary judgment; motions to certify a class action; motions to exclude expert testimony under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration. Absent permission from the Court, a party moving for a temporary restraining order must file and serve its motions papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the Court will entertain the motion. A motion for a temporary restraining order is not subject to the 42-day rule set forth below, rather, the Courtroom Deputy will advise the parties of the hearing date and briefing schedule. All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the Court.

   new grounds for relief or present matters that do not relate to the response. The party shall provide Donna O'Kroy, Courtroom Deputy, with two (2) hard copies of its reply memorandum.

5.   If the Court, *sua sponte*, cancels the hearing or continues the hearing date, all subsequently filed motion papers must be served as if the original hearing date was still in effect, unless otherwise directed by Judge Doty.

6.   Parties do not need to meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.

All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitation in Rule 7.1(f).

XI.

That this case shall be ready for Trial on **July 1, 2024** [8], or 30 days after the Court renders its Order on any dispositive motion (whichever is later), at which time the case will be placed on the Court's **JURY** trial calendar. That the anticipated length of Trial is **seven (7) to ten (10) days**.

BY THE COURT:

DATED: September 23, 2022

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

---

[8]   **THIS DATE IS NOT A TRIAL SETTING DATE**. The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**